IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-00742-EWN-MEH

ESTHER WATSON and AHMED HAKEEM,

Plaintiffs,
v.

PRINCIPAL RESIDENTIAL MORTGAGE CO.;
MIDAMERICA MORTGAGE CO.;
CITIMORTGAGE;
COMMONWEALTH TITLE & INSURANCE CO.;
LANDMARK BROKERS REALTY DIA;
PUBLIC REALTY;
CASTLE MEINHOLD & STAWIARSKI, LLC,

Defendants.

## ORDER OF RECOMMENDATION

**Entered by Michael E. Hegarty, United States Magistrate Judge.**

Before the Court are Defendant Commonwealth Title & Insurance Co.'s Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Docket #4), Defendant CitiMortgage's Motion to Dismiss (Docket #7), and Defendant Castle Meinhold & Stawiarski, LLC's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Docket #15) (hereinafter Defendants' Motions to Dismiss). Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. COLO. L.Civ.R 72.1.C, these matters have been referred to this Court for recommendation. For the reasons set forth below, the Court recommends that the District Court **grant** the Motions to Dismiss in part and **deny** them in part.

**I.    Facts**

Plaintiffs' Complaint alleges that Defendants fraudulently procured Plaintiff's mortgage and

asserts this Court's jurisdiction under the Truth in Lending Act ("TILA").  The Court also interprets Plaintiffs' Complaint as alleging a violation of TILA for failure to disclose the terms of the loan.[1] Plaintiff Esther Watson applied for and received a mortgage loan from Mid America Mortgage in 2002.  Plaintiff Ahmed Hakeem is identified only as a person who resides at the same address as Plaintiff Watson.  Complaint, ¶1.  In 2004, Watson filed for Chapter 7 bankruptcy.  Defendant CitiMortage (which admits that it is the successor-by-merger to Watson's loan) was granted relief from the automatic stay to proceed with foreclosure.  Watson's bankruptcy proceedings were subsequently closed.  Plaintiffs claim that Defendants made "misrepresentations regarding income, etc. to qualify borrower for a loan."  Plaintiffs also alleged that Defendants sold the house under false pretenses.

In their Motions to Dismiss, Defendants first argue that Plaintiffs failed to either provide a short plain statement of the grounds for jurisdiction as required by Fed. R. Civ. P. 8 or plead their allegations of fraud with sufficient particularity, as required by Fed. R. Civ. P. 9(b).  Defendants also argue that any cause of action for this allegedly fraudulent behavior belongs solely to Watson's Chapter 7 trustee, and that these claims are now time barred.  Defendants further argue that Plaintiff Ahmed Hakeem lacks standing because he is not a party to the loan or the bankruptcy proceedings. In response, Plaintiffs reassert: (1) a violation of TILA for Defendants' failure to properly disclose the terms of the loan; and (2) fraudulent procurement because Mid America Mortgage allegedly submitted a fraudulent W-2 and other false information to enable Watson to procure the mortgage.

---

[1] The Court construes Plaintiffs' *pro se* pleadings liberally.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

**II.     Discussion**

    **A.     Scope of the Pleadings and Judicial Notice of the Record**

As an initial matter, Defendant CitiMortgage requests the Court to (a) consider documents referenced in the Complaint that were not attached; and (b) take judicial notice of the filings and proceedings conducted in the United States Bankruptcy Court, District of Colorado with respect to Watson. In their response to Defendants' Motions, Plaintiffs do not object to this request, nor do they assert that the documents filed by Defendant are anything other than a true and correct copy of the documents at issue in this case.

The Tenth Circuit has held that a "court is permitted to take judicial notice of its own files and records, as well as facts which are a matter of public record." *Van Woudenberg v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000). The Court takes judicial notice of the fact that Esther Watson filed a petition for bankruptcy on June 7, 2004, in the United States Bankruptcy Court, District of Colorado, Case No. 04-22257-HRT, as well as all pleadings filed in that case.

    **B.     Standing of Plaintiffs**

As courts of limited jurisdiction, federal courts only have authority to adjudicate "cases" or "controversies," as set forth in Article III, § 2 of the United States Constitution. "Standing to sue is part of the common understanding of what it takes to make a justiciable case." *Steel Co. V. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). To satisfy the "irreducible constitutional minimum of standing," Plaintiffs must establish: (1) an invasion of a legally protected interest; (2) a causal connection between this invasion and the conduct complained of; and (3) a likelihood that the injury will be "redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (citations omitted). As set forth below, neither Plaintiff can establish a legally protected

interest at issue in this case.

### 1. Ahmed Hakeem

All of Plaintiffs' claims arise from a loan Watson received from Mid America Mortgage and the subsequent foreclosure action after Watson filed for bankruptcy. None of these claims bear any legal relation to Hakeem. As far as the Court can determine, he merely resides with Plaintiff Watson. To illustrate, the purpose of TILA is to provide notice to consumers of "any security interest held or to be retained or acquired by the creditor in connection with the extension of credit, and a clear identification of the property to which the security interest relates." *Anderson Bros. Ford v. Valencia*, 452 U.S. 205, 220 (1981). Yet, Hakeem does not allege that he was extended credit by Defendants, and he has alleged no legal right to the property in which Defendants hold a security interest. Thus, Hakeem has no legal right that has been affected by either the loan to Watson or the subsequent foreclosure. Without a legal interest in these proceedings, Hakeem lacks standing to assert these claims. Therefore, with respect to Plaintiff Ahmed Hakeem, the Court recommends that Defendants' Motions to Dismiss be **granted** for lack of standing, and that Plaintiff Hakeem be dismissed from this case.

### 2. Esther Watson

Defendants argue that Watson also lacks standing because her claims can be brought only by her Chapter 7 trustee. To support this conclusion, Defendants point out that Plaintiff Watson objected to the foreclosure action due to Defendants' "failure to follow all applicable federal laws." As a result, Defendants claim that Plaintiff Watson was cognizant of the claims she now brings *before* she filed for bankruptcy. As such, her claims are part of her bankruptcy estate over which only her Chapter 7 trustee has any control.

In their Response, Plaintiffs admit that any problems with this loan were known to Watson before she filed for bankruptcy. Plaintiffs state, "Commonwealth was notified during the closing and months after of very serious concerns about the loan. . . . We were in contact with Principal in attempts to correct this loan which resulted in Principal not willing to negotiate, which led to foreclosure and bankruptcy proceedings."

Pursuant to the United States Bankruptcy Code, the trustee gains control of "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The Tenth Circuit noted that "causes of action belonging to the debtor fall within this definition." *Sender v. Buchanan (In re Hedged-Investments Assocs., Inc.)*, 84 F.3d 1281, 1285 (10th Cir. 1996); *see Barger v. City of Cartersville*, 348 F.3d 1289, 1291 (11th Cir. 2003) ("[P]roperty of the bankruptcy estate includes all potential causes of action that exist at the time petitioner files for bankruptcy."). Regarding causes of action known to the debtor at the time of filing for bankruptcy, "the trustee stands in the shoes of the debtor," having equal rights to the claim as previously possessed by the debtor. *Sender v. Simon*, 84 F.3d 1299, 1305 (10th Cir. 1996).

In the present case, Plaintiff Watson's causes of action based on this loan were known to her before she filed for bankruptcy in 2004. In fact, she claims that Defendants' conduct led her to file for bankruptcy. Before her bankruptcy, therefore, she owned these "choses in action."[2] She had an obligation to list any chose in action as an asset of the estate. After the filing of the bankruptcy, the trustee became the only person who could pursue the debtor's chose in action. *Sender v. Simon*, 84 F.3d at 1304-05. As of June 7, 2004, her claims against Defendants came under the control of her

---

[2] A "chose in action" is defined as a "'right to bring an action to recover a debt, money, or thing.'" *In re Luna*, 406 F.3d 1192, 1199 n.4 (10th Cir. 2005) (citation omitted).

Chapter 7 trustee, including any claims of fraud or any right to statutory damages under 15 U.S.C. § 1640. Watson no longer has control over any legal interest potentially at issue in this case and, therefore, has no standing to assert claims that are properly in her bankruptcy estate and controlled by her Chapter 7 trustee.

One further issue must be addressed prior to a ruling on this issue.[3] In *Wieburg v. GTE Southwest Corp.*, 272 F.3d 302 (5th Cir. 2001), the court held that in such a case as this, when the plaintiff who is bringing suit does not have standing, prior to dismissing the complaint, the district court should address "the less drastic alternatives of either allowing an opportunity for ratification by the [t]rustee, or joinder of the [t]rustee." That court believed that a district court should address whether the plaintiff had a reasonable time after the defendant's objection during which to obtain joinder, ratification, or substitution of the trustee. *Id.* at 308. Further, the court believed that the district court should consider the impact of dismissal on the plaintiff's creditors. *Id.* at 309. Here, as in *Wieburg* [*see* the court's decision after remand, 71 Fed. Appx. 440, 2003 WL 21417074 (5th Cir. June 2, 2003)], the Plaintiff's case should be dismissed even considering those factors. First, the Motion to Dismiss based on lack of standing was filed in May 2005. Plaintiffs have had over nine

---

[3] There is a split in authority on the route to take in dismissing an action such as this, and this Court could find no Tenth Circuit law precisely on point. Some courts have held that a debtor's failure to disclose a cause of action during a bankruptcy case judicially estops the plaintiff from pursuing the claim. *E.g.*, *Barger v. City of Cartersville*, 348 F.3d 1289 (11th Cir. 2001); *Krystal Caddillac-Oldsmobile GMC Truck, Inc. v. General Motors Corp.*, 337 F.3d 314 (3rd Cir. 2003). Other courts hold that the claim, disclosed or undisclosed, belongs to the trustee and results in a standing issue which alone mandates dismissal. *E.g.*, *Baxley v. Pediatric Servs. Of Am.*, 147 Fed. Appx. 59 (11th Cir. Aug. 10, 2005); *Parker v. Wendy's Int'l, Inc.*, 365 F.3d 1268 (11th Cir. 2004) (suggesting that judicial estoppel does not apply but, rather, the more appropriate defense is standing). Still other courts, as noted in this paragraph, require the district court to make certain findings prior to dismissing a case for lack of standing. Because the case should be dismissed under any of these models, the Court need not adopt a position.

months to obtain ratification, joinder, or substitution of the trustee and have failed to do so. The *Wieburg* court believed that a seven-month period was sufficient. 71 Fed. Appx. At 440. Second, in *Wieburg* the district court found that the plaintiff's claims were highly speculative, and dismissal of her case would not alter the creditors' position (*i.e.*, the unpaid, discharged debts would remain unpaid). *Id.* The same is true here. Plaintiffs' claims are not only highly speculative, but they are also facially without merit.

Thus, this Court recommends that Defendants Motions to Dismiss, with respect to Esther Watson, be **granted** for lack of standing, except as to Plaintiffs' claim against Castle Meinhold & Stawiarski, LLC, which is addressed *infra*.

### C.    Statute of Limitations for Plaintiffs' Claims

Defendants also argue that all claims under TILA are subject to a one-year statute of limitation, as provided in 15 U.S.C. § 1640(e). The Court agrees, and to the extent Plaintiffs' claims are brought under TILA, they are barred by TILA's one-year statute of limitations. However, Plaintiffs respond that Defendants' fraudulent acts are not subject to the one-year statute of limitations under TILA. Again, the Court agrees. Construing Plaintiffs' Complaint liberally, Plaintiffs' claims for fraud are governed by the three-year Colorado state statute of limitations. *See* C.R.S. § 13-80-101. Watson applied for the loan at issue on August 23, 2002. The Complaint in this case was filed on April 25, 2005, within the requisite time period. Thus, if Watson had not filed for bankruptcy and thereby retained control over her interest in this cause of action, her claims for fraud would be timely filed. Even so, only Watson's state law claims would survive, not her federal law claims under TILA. Thus, this Court **recommends** that to the extent any claims (other than the claim discussed in subparagraph D *infra*) remain after the District Judge's consideration of this

Recommendation concerning the issue of standing, all claims other than under a state law fraud theory should be dismissed.

### D. Failure to State A Claim Against Defendant Castle Meinhold & Stawiarski, LLC

The Court addresses Defendant Castle Meinhold & Stawiarski, LLC's Motion to Dismiss separately, because only this claim allegedly arose after Watson filed her bankruptcy petition and is, therefore, not part of her bankruptcy estate. *See Sender*, 84 F.3d at 1285. Castle Meinhold & Stawiarski, LLC is the law firm that represented Principal Residential Mortgage (now Defendant CitiMortgage, by merger) in Watson's bankruptcy proceedings and the subsequent foreclosure. Plaintiffs respond to this Defendant's Motion to Dismiss by arguing that an attorney from Defendant's firm did not attend the hearing in the bankruptcy proceedings, yet the Bankruptcy Court issued an Order authorizing the sale of Plaintiffs' residence. Plaintiffs speculate that Defendant Castle Meinhold & Stawiarski, LLC therefore participated in fraudulently procuring Plaintiffs' loan, in violation of C.R.S. § 38-36-194.

The statute Plaintiffs cite provides for criminal penalties, not a civil action, for its violation. Moreover, any objections to the Bankruptcy Court's Order in 04-22257-HRT, regardless of the presence of counsel, can only be addressed by an appeal of that Order following the proper procedures. Notably, Watson was represented by counsel in her bankruptcy proceeding, who did not appeal that Order. Plaintiff has not pleaded sufficient facts to state a cause of action against this law firm. Because Defendant Castle Meinhold & Stawiarski, LLC's only allegedly fraudulent activity is premised on the receipt and execution of an Order issued by a Bankruptcy Judge, the Court recommends that Defendant Castle Meinhold & Stawiarski, LLC's Motion to Dismiss be **granted**

8

for failure to state a claim upon which relief can be granted.

      **E.**      **Motions for More Definite Statement**

Defendants also sought, in the alternative, a more definite statement from Plaintiffs setting forth, as required by Fed. R. Civ. P 9(b), the "who, what, when, and where" of Plaintiffs' accusations of fraud. Although the Court notes that Plaintiffs provided some of the necessary information in their Response, the Court will not address whether the information provided satisfies Rule 9(b), because these facts were not set forth in an Amended Complaint and, in any event, the Court believes Plaintiffs lack standing. Due to the Court's recommendation to dismiss this case against both Plaintiffs for lack of standing, the Court recommends that Defendants' Motions, in the Alternative, for More Definite Statement be **denied** as moot.

**III.**    **Conclusion**

The Court recommends that Defendant Commonwealth Title & Insurance Co.'s Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Docket #4), Defendant CitiMortgage's Motion to Dismiss (Docket #7), and Defendant Castle Meinhold & Stawiarski, LLC's Motion to Dismiss, or in the Alternative, Motion for More Definite Statement (Docket #15) be **granted** for lack of standing against both Plaintiff Watson and Plaintiff Hakeem, except insofar as the Motions to Dismiss concern Plaintiffs' action against Defendant Castle Meinhold & Stawiarski, LLC concerning entry of the bankruptcy order authorizing the sale of Plaintiffs' house. As to that latter claim, the Court recommends that the Motions to Dismiss be **granted** for failure to state a claim upon which relief can be granted. The Court further recommends that Defendants' Motions for More Definite Statement be **denied** as moot. This Recommendation, therefore, dismisses all claims by all Plaintiffs against all Defendants. Under Fed. R. Civ. P 72, the parties shall have ten (10) days after

service of this Recommendation to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned.[4]

Dated at Denver, Colorado this 3rd day of March, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[4] The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a *de novo* determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy of this Recommendation may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).